UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARTIN GONZALES, On Behalf of Himself and All Others Similarly Situated, | ] ] ] | CAUSE NO. _____ |
| *Plaintiffs*, | ] ] | |
| v. | ] ] | JURY TRIAL DEMANDED |
| S. ALLEN ENTERPRISES, CORP. d/b/a ALL VALLEY APPLIANCE & REFRIGERATION, JENNIFER ALLEN and SCOTT ALLEN, | ] ] ] ] ] | |
| *Defendants*. | ] ] | COLLECTIVE ACTION |

# ORIGINAL COMPLAINT

### SUMMARY

1. S. Allen Enterprises, Corp. d/b/a All Valley Appliance & Refrigeration (All Valley), Jennifer Allen (Jennifer) and Scott Allen (Scott)(All Valley, Jennifer and Scott collectively referred to as Defendants) do not pay their service technicians all of their earned overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Rather, Defendants utilize a wage payment scheme wherein they only pay their service technicians overtime wages if All Valley's customers agree to foot the bill. Martin Gonzales (Gonzales) brings this collective action seeking to recover the unpaid and/or underpaid overtime wages and other damages owed to himself and Defendants' other similarly-situated service technicians.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendants are residents of this judicial district and division and a substantial part of the events or omissions giving rise to Gonzales's claims occurred in this judicial district and division.

### THE PARTIES

4. Gonzales is a former employee of Defendants. His consent to participate in this collective action is attached hereto as Exhibit 1.

5. All Valley is a Texas corporation with its principal place of business in La Feria, Cameron County, Texas. All Valley may be served with process by serving its registered agent, Jennifer Allen, at **ADDRESS REDACTED**, La Feria, Texas 78559 or at any other place where Jennifer Allen may be found.

6. Jennifer Allen is an individual who resides and does business in Cameron County, Texas. She may be served with process at **ADDRESS REDACTED**, La Feria, Texas 78559 or at any other place where Jennifer Allen may be found.

7. Scott Allen is an individual who resides and does business in Cameron County, Texas. He may be served with process at **ADDRESS REDACTED**, La Feria, Texas 78559 or at any other place where Scott Allen may be found.

### THE FACTS

8. Defendants are in the commercial heating, ventilation and air conditioning (HVAC) sales and service business.

9. Jennifer and Scott, a married couple, are the owners, principals, officers and directors of All Valley.

10. Jennifer and Scott have the power to set and enforce, and/or have delegated to others the power to set and enforce, employment practices and policies, including hiring and firing

employees, supervising and controlling employee work schedules or conditions of employment, determining rates and methods of the payment of wages, maintaining employment records, as well as other employment practices and policies that directly and indirectly affect All Valley's employees.

11. Defendants conduct all across the Rio Grande Valley and greater Corpus Christi, Texas area.

12. In each of the past three (3) years, Defendants' gross annual revenues have well exceeded $500,000.00.

13. Defendants employed Gonzales as a service technician.

14. Gonzales typically spent his workweek installing, servicing and maintaining commercial HVAC systems for Defendants' customers.

15. In performing his duties as an service technician, Gonzales was an employee engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

16. Gonzales routinely worked in excess of forty (40) hours in a workweek for Defendants.

17. Defendants were well aware of the fact that Gonzales routinely worked in excess of forty (40) hours in a workweek.

18. Defendants paid Gonzales an hourly rate for each hour he worked.

19. If All Valley's customer agreed to pay overtime rates for Gonzales's work on a service call, then Defendants paid Gonzales one-and-one-half times his regular rate for hours he worked in excess of forty (40) in a workweek.

20.     If, however, All Valley's customer would not agree to foot the bill for Gonzales's overtime earnings, then Defendants only paid Gonzales at his regular hourly rate even for hours worked in excess of forty (40) in a workweek.

21.     The vast majority of the time All Valley's customers did not agree to foot the bill for Gonzales's overtime hours and, thus, the vast majority of the time Defendants paid Gonzales only his regular hourly rate for the hours he worked in excess of forty (40) in a workweek with no overtime premium whatsoever.

## COLLECTIVE ACTION ALLEGATIONS

22.     Gonzales re-alleges paragraphs 1-21 as if set out here in their entirety.

23.     In addition to Gonzales, Defendants have employed many other service technicians over the last three (3) years.

24.     These service technicians performed the same or similar job duties for Defendants as Gonzales performed.

25.     Like Gonzales, in performing their duties as service technicians these other individuals were employees engaged in commerce and/or in the production of goods for commerce and/or who handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

26.     ASG paid these other service technicians in the same manner for the hours they worked including paying them an hourly rate and failing and refusing to pay these other service technicians at one-and-one-half times their regular rates for those hours worked in excess of forty (40) hours in a workweek unless All Valley's customer agreed to foot the bill.

27.     Defendants' other service technicians should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).  Therefore, the class is properly defined as:

**All service technicians employed by Defendants within the 3 years preceding the filing date of this complaint through the time of trial**

CAUSE OF ACTION

28. Gonzales re-alleges paragraphs 1-27 as if set out here in their entirety.

29. The FLSA requires employers to pay their employees one-and-one-half times their regular rates for hours those employees work in excess of forty (40) in a workweek.  29 U.S.C. § 207(a)(1).

30. Defendants employed Gonzales and their other service technicians within the meaning of the FLSA.

31. Defendants are employers within the meaning of the FLSA.

32. Gonzales and Defendants' other service technicians are or were employees engaged in commerce and/or in the production of goods for commerce and/or handled goods or materials that have been moved in or produced for commerce within the meaning of the FLSA.

33. Defendants are an enterprise engaged in commerce within the meaning of the FLSA.

34. By failing to by Gonzales and their other service technicians overtime compensation at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions. 29 U.S.C. § 207(a)(1).

35. Defendants owe Gonzales and their other service technicians the difference between the rates actually paid and the proper overtime rates.

36. Because Defendants knew their pay practices violated the FLSA, or showed reckless for whether their pay practices violated the FLSA, Defendants owe these wages for at least the past three (3) years.

37. Defendants are liable to Gonzales and their other service technicians for an amount equal to all unpaid and/or underpaid overtime wages.

38. Defendants are, further, liable to Gonzales and their other service technicians for liquidated damages in an additional amount equal to all unpaid and/or underpaid overtime wages.

39. Gonzales and ASG's other service technicians are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

40. Gonzales demands a trial by jury.

## PRAYER

Gonzales asks that Defendants be cited to appear and answer, and that the Court:

1. Enter an order allowing this action to proceed as a collective action under the FLSA;

2. Upon final hearing, award Gonzales and Defendants' other service technicians judgment against Defendants for all unpaid and/or underpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Upon final hearing, award Gonzales and Defendants' other service technicians judgment against Defendants' for post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. Award Gonzales and Defendants' other service technicians all such other and further relief to which they may show themselves to be justly entitled.

        Respectfully submitted,

        **/S/ Michael K. Burke**
By:_____
        Michael K. Burke
        mburke@guerramask.com
        Texas State Bar No.: 24012359
        S.D. of Tex. No.: 24356
        *Attorney-In-Charge for Plaintiff*
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile

**Of Counsel:**

Jody R. Mask
jody@guerramask.com
Texas State Bar No.: 24010214
S.D. of Tex. No.: 23909
Michael M. Guerra
mike@guerramask.com
Texas State Bar No.: 00787603
S.D. of Tex. No.: 18850
**GUERRA MASK LLP**
3900 N. 10th St., Suite 850
McAllen, Texas 78501
(956) 682-5999 – Telephone
(888) 317-8802 – Facsimile